IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



DON NEWBY,

    Petitioner,

v.

                                                            Civil Action No. 3:18CV714

HAROLD CLARKE,

    Respondent.

## MEMORANDUM OPINION

Don Newby, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 4), challenging his convictions in the Circuit Court of the City of Suffolk, Virginia ("Circuit Court"). In his § 2254 Petition, Newby argues entitlement to relief based upon the following claims:[1]

    Claim One: Newby's Fourth and Fourteenth Amendment rights were violated because of his "unlawful arrest" and the "unreasonable search and seizure." (§ 2254 Pet. 5.)

    Claim Two: "Newby's arrest for public intoxication was without probable cause." (*Id.* at 7.)

    Claim Three: "The [Circuit] Court erred in failing to suppress evidence that Newby assault[ed] the arresting officer." (*Id.*)

    Claim Four: "The [Circuit] Court erred in accepting Newby's plea of 'no contest' because neither Newby's counsel nor the [Circuit] Court explained the elements of the crime to him." (*Id.*)

    Claim Five: "Trial counsel was ineffective for failing to present a surveillance tape which would have established his innocence." (*Id.*)

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system for citations to the parties' submissions. The Court corrects the spelling, punctuation, spacing, and capitalization in the quotations from Newby's submissions. Further, the Court notes that, while Newby lists five separate claims under "GROUND TWO" in his § 2254 Petition, the Court separates these claims into Claims Two through Six here. (*See* § 2254 Pet. 7.)

Claim Six: "Sentencing counsel was ineffective for stating at sentencing that the [Circuit] Court 'could sentence Newby to (100) one hundred years.'" (*Id.*)

Claim Seven: "Officer Brooks's statement in his criminal report [was] entirely contradictory to his testimony at the 'suppression hearing.'" (*Id.* at 8.)

Respondent moves to dismiss, *inter alia*, on the ground that Newby's claims are procedurally defaulted and barred from review here. (ECF No. 25.) Newby filed a Response in Opposition ("Response"). (ECF No. 31.) For the reasons set forth below, the Motion to Dismiss (ECF No. 25) will be GRANTED because Newby's claims are procedurally defaulted.

## I. PROCEDURAL HISTORY

On January 19, 2017, Newby entered a no contest plea in the Circuit Court to one count of assault and battery on a law enforcement officer. (*See* ECF No. 27–1, at 1.) On March 27, 2017, the Circuit Court sentenced Newby to five years of incarceration, with two years and six months suspended for that conviction. (*See id.* at 1–2.) On that same day, the Circuit Court also "found [Newby] had violated Conditions 1, 2, and 6 of his previously suspended sentences," and the Circuit Court "revoked five years, six months of [Newby's] previously suspended sentences, re-suspending three years, for a total active incarceration of two years, six months." (*Id.* at 2.)

Newby appealed. (*See id.* at 1–2.) On appeal, Newby argued, *inter alia*, that "the trial court erred when it imposed a combined five-year sentence 'when the high end of the guidelines ... was three years, three months.'" (*Id.* at 2 (alteration in original).) On December 1, 2017, the Court of Appeals of Virginia denied the petition for appeal. (*Id.* at 1.) Thereafter, on July 23, 2018, the Supreme Court of Virginia refused the petition for appeal. (ECF No. 4–1, at 5.)

On January 8, 2018, Newby filed a petition for a writ of habeas corpus in the Circuit Court. Petition for Writ of Habeas Corpus 1, *Newby v. Smith*, No. CL 18–27 (Va. Cir. Ct. filed Jan. 8, 2018). In Newby's state habeas petition, he raised the following claims for relief:

2

1. Newby's constitutional rights were violated due to an "unlawful search and seizure";
2. Newby's arrest for public intoxication was without probable cause and the [Circuit] Court erred in failing to suppress evidence that he assaulted the arresting officer;
3. [The Circuit] Court erred in accepting Newby's plea of no contest because neither Newby's counsel nor the Court explained the elements of the crime to him and the Commonwealth's Attorney and the Court stated repeatedly that petitioner did not understand the law regarding the alleged crime;
4. Trial counsel was ineffective for failing to present a surveillance tape which would have established his innocence; and[,]
5. Sentencing counsel was ineffective for stating at sentencing that the [Circuit] Court "could sentence [Newby] to one hundred years."

(*See* ECF No. 27–2, at 2 (first and sixth alteration in original).) On April 30, 2018, the Circuit Court dismissed the petition, concluding that Claims 1, 2, and 3 were barred pursuant to the rule in *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974), because Newby could have raised, but failed to raise, these claims on direct appeal, and that Claims 4 and 5 lacked merit. (*See* ECF No. 27–2, at 1–5.)

Newby appealed to the Supreme Court of Virginia. (*See* ECF No. 4–1, at 4.) On October 2, 2018, the Supreme Court of Virginia dismissed the petition for appeal because the petition "fail[ed] to assign error as required by Rule 5:17(c)(1)(i)." (*Id.*) On October 11, 2018, the Court received the instant § 2254 Petition.[2] (*See* ECF No. 1, at 1.)

## II. NEWBY'S MOTION TO REVIEW NEW EVIDENCE

After filing his § 2254 Petition, Newby filed a Motion to Review New Evidence. (ECF No. 32.) In Newby's motion, he requests that the Court consider the two exhibits attached to the

---

[2] The Court notes that this is the date on which the Court received Newby's initial filing in this case. (*See* ECF No. 1, at 1.) Thereafter, by Memorandum Order entered on October 26, 2018, the Court provided Newby with an opportunity to complete and return the proper forms for filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (ECF No. 2, at 1–2), and Newby did so on November 13, 2018. (*See* ECF No. 4, at 1.)

3

motion. (*See id.*) Newby indicates that the first exhibit is a copy of his counsel's notes from Officer Brooks's testimony during a hearing on October 31, 2016, in the Circuit Court. (*Id.*; *see* ECF No. 32-1, at 1.) The second exhibit is a copy of a December 14, 2016 letter from the Virginia State Bar to Newby's counsel, which addresses Newby's inquiry to the Virginia State Bar regarding the status of his case. (ECF No. 32-1, at 2.) In the letter to counsel, the Virginia State Bar requests that counsel provide Newby with a status update regarding his case and that counsel provide a copy of such communication to the Virginia State Bar. (*Id.*)

The Court notes that Newby previously submitted a copy of counsel's October 31, 2016 notes as an exhibit to his § 2254 Petition. (*See* ECF No. 4-1, at 1.) Thus, Newby need not have filed this motion requesting that the Court review this exhibit. Nevertheless, Newby's Motion to Review New Evidence (ECF No. 32) will be GRANTED. The Court will consider the two exhibits (ECF No. 32-1, at 1-2) in its analysis of Newby's § 2254 Petition.

### III. EXHAUSTION AND PROCEDURAL DEFAULT

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "is rooted in considerations of federal-state comity," and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (some internal quotation marks omitted) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n. 10 (1973)). The purpose of exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before the petitioner can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has

4

used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "opportunity" to address the constitutional claims advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks omitted) (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995)). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* Fair presentation demands that a petitioner present "both the operative facts and the controlling legal principles" to the state court. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks omitted) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when he or she "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S.

5

at 735 n.1).³ The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citations omitted). Absent a showing of "cause for the default and actual prejudice as a result of the alleged violation of federal law," or a showing that "failure to consider the claims will result in a fundamental miscarriage of justice," this Court cannot review the merits of a defaulted claim. *Coleman*, 501 U.S. at 750; *see Harris v. Reed*, 489 U.S. 255, 262 (1989).

To exhaust his claims, Newby was required to present properly his claims to the Supreme Court of Virginia. Newby raised Claims One through Six here in his state habeas petition in the Circuit Court, and he attempted to raise these claims on appeal to the Supreme Court of Virginia. (§ 2254 Pet. 5, 7–8; *see* ECF No. 27–2, at 2.) The Supreme Court of Virginia, however, dismissed his appeal for failing to assign error in compliance with Va. Sup. Ct. R. 5:17(c)(1)(i). (*See* ECF No. 4–1, at 4.) Virginia Supreme Court Rule 5:17(c) is an independent and adequate state ground for dismissal, and thus, Claims One through Six are defaulted. *See Mueller v. Angelone*, 181 F.3d 557, 582–84 (4th Cir. 1999).

Newby raises Claim Seven for the first time in his instant § 2254 Petition. If Newby now attempted to raise this claim in the Supreme Court of Virginia in a habeas petition, that habeas petition would be barred as successive pursuant to section 8.01–654(B)(2) of the Virginia Code,⁴

---

³ In this instance, even though the claim has not been fairly presented to the Supreme Court of Virginia, that court would find the claim procedurally barred. Because a petitioner could not now raise his claims in the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

⁴ This statute provides, in relevant part:

Such petition shall contain all allegations the facts of which are known to petitioner at the time of filing and such petition shall enumerate all previous applications and

6

and as untimely pursuant to section 8.01–654(A)(2) of the Virginia Code.[5] Virginia's statute of limitations for habeas actions and the bar on successive habeas petitions are adequate and independent procedural rules when so applied. *See Clagett v. Angelone*, 209 F.3d 370, 379 (4th Cir. 2000); *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587–88 (E.D. Va. 2006). Claim Seven, therefore, is also defaulted. Accordingly, all of Newby's claims in his § 2254 Petition are defaulted unless he demonstrates cause and prejudice to excuse his default or a fundamental miscarriage of justice. As explained below, Newby fails to do so.

As an initial matter, Newby does not present any arguments to excuse his default. Furthermore, with respect to Claims Five and Six, although under *Martinez v. Ryan*, 566 U.S. 1 (2012), ineffective assistance of counsel "at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial," *id.* at 9, *Martinez* fails to excuse the default of Claims Five and Six, which were squarely presented at Newby's initial-review collateral proceeding and rejected by the Circuit Court. Instead, Claims Five and Six are defaulted because Newby failed to properly raise these claims before the Supreme Court of Virginia when he appealed the Circuit Court's dismissal of his state habeas

---

their disposition. No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition.

Va. Code Ann. § 8.01–654(B)(2) (West 2020).

[5] This statute provides:

A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

Va. Code Ann. § 8.01–654(A)(2) (West 2020).

7

petition. The explicit language of *Martinez* indicates that its holding applies only to the initial-review collateral proceeding for raising claims of trial counsel error. *See Atkins v. Holloway*, 792 F.3d 654, 661 (6th Cir. 2015) (citations omitted); *Johnson v. Warden of Broad River Corr. Inst.*, No. 12–7270, 2013 WL 856731, at *1 (4th Cir. Mar. 8, 2013) (citing *Martinez*, 566 U.S. at 16). Because the default of Claims Five and Six occurred on appeal from the initial-review collateral proceeding, and the lack of appellate counsel cannot serve as cause for the procedural default of Claims Five and Six, these claims are barred from review here. *See Norris v. Brooks*, 794 F.3d 401, 405 (3d Cir. 2015) (citations omitted) (explaining that *Martinez* "applies only to attorney error causing procedural default during initial-review collateral proceedings, not collateral appeals"); *Atkins*, 792 F.3d at 661; *Johnson*, 2013 WL 856731, at *1.

For these reasons, Newby fails to demonstrate any cause and prejudice for his default or a fundamental miscarriage of justice. Accordingly, Claims One through Seven are defaulted and barred from review here, and they will be DISMISSED.

## IV. REQUEST FOR EVIDENTIARY HEARING

In Newby's Response, he requests, *inter alia*, that the Court "hold[] an evidentiary hearing that will ensure the accuracy of the judicial process." (ECF No. 31, at 1.) In determining whether a case warrants an evidentiary hearing, a federal court must consider whether the evidentiary hearing would provide the petitioner the opportunity to "prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 475 (2007); *see Mayes v. Gibson*, 210 F.3d 1284, 1287 (10th Cir. 2000). A federal court must also consider the standards set forth in 28 U.S.C. § 2254 when considering whether an evidentiary hearing is appropriate. *Schriro*, 550 U.S. at 474. "It follows that if the record refutes the

applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*

Here, based on a thorough evaluation of Newby's claims and the record before the Court, the Court concludes that Claims One through Seven are defaulted and barred from review here. Therefore, the Court concludes that habeas relief under § 2254 is not warranted. Newby's request for an evidentiary hearing (ECF No. 31, at 1) will be DENIED.

## V. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 25) will be GRANTED. Newby's Motion to Review New Evidence (ECF No. 32) will be GRANTED. Newby's request for an evidentiary hearing (ECF No. 31, at 1) will be DENIED. Newby's claims will be DISMISSED, and his § 2254 Petition will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[6]

An appropriate Final Order shall issue.

Date: 28 February 2020
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

---

[6] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Newby fails to meet this standard.

9